FILED'06 FEB 03 12:53USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRENDA DUFFY,　　　　　　　　　　　　　　Civ. No. 03-6013-HO

　　　Plaintiff,　　　　　　　　　　　　　ORDER

　　　v.

OREGON YOUTH AUTHORITY, et al.,

　　　Defendants.

A jury returned special verdicts supporting liability and non-economic damages on plaintiff's Rehabilitation Act (RA) claim, and judgment for defendants on plaintiff's claims for violation of 42 U.S.C. § 1983 (retaliation for exercise of First Amendment rights) and Oregon's whistleblower law. Before the court is defendants' oral motion for judgment as a matter of law, plaintiff's motion for attorney fees, and the cost bill submitted by plaintiff.

///

Discussion

I. Defendants' Motion for Judgment as a Matter of Law

In support of the motion for judgment as a matter of law, defendants contend that plaintiff lacks standing to sue under the RA, plaintiff failed to exhaust administrative remedies under the Individuals with Disabilities Education Act (IDEA), plaintiff failed to prove she suffered an adverse employment action, and plaintiff failed to prove that defendant Linn Benton Lincoln Education Service District (ESD) would not have taken such action but for plaintiff's protected activity. Defendants further find it difficult to reconcile the jury's verdict in favor of defendants on the Section 1983 retaliation claim with the verdict in favor of plaintiff on the RA retaliation claim, because both claims involve the same speech by plaintiff.

The court again rejects ESD's standing and exhaustion arguments for previously stated reasons. See F&R filed April 17, 2003 [#17] at 2-6, adopted by Order filed May 14, 2003 [#22], F&R filed June 25, 2004 [#54] at 14, adopted by Order filed September 29, 2004 [#64]. There is a legally sufficient evidentiary basis for a reasonable jury to find that but for her activity protected under the RA, ESD would not have subjected plaintiff to an adverse employment action.[1] As for defendants' argument that the

---

[1] ESD does not argue that a reasonable jury could not find that plaintiff engaged in activity protected under the RA. Def's Supp. Memo. at 3.

2 - ORDER

verdicts are inconsistent, this is not a basis for judgment as a matter of law. See Gordon v. Degelmann, 29 F.3d 295, 298 (7th Cir. 1994) ("There is no priority among inconsistent verdicts."). Rather, a new trial on all claims is required when inconsistent special verdicts cannot be reconciled. Zhang v. American Gem Seafoods, Inc., 399 F.3d 1020, 1037-38 (9th Cir. 2003); see also Gordon, 29 F.3d at 298-99.

The verdict on the Section 1983 retaliation claim is not necessarily inconsistent with the verdict on the RA claim. The jury made no findings regarding plaintiff's speech on the Section 1983 claim. The jury could have simultaneously found that neither defendants McGovern nor Stratton subjected plaintiff to an adverse employment action (verdict at 1, question 1.a.), and that ESD, through another employee, did subject plaintiff to an adverse employment action (verdict at 3, questions 2.a & 2.b). For example, the jury might have concluded that Scott Perry suggested the possibility of transfer, threatened disciplinary action, or proposed a plan of assistance, that such actions were adverse employment actions, and that such actions were taken in retaliation for protected activity. See e.g. Pl's Exs. 2 & 4.

Nor is there necessarily inconsistency between the jury's findings on the RA claim and the state law whistleblower claim. The definition of "disciplinary action," an element of the latter claim, is not the same as the definition of "adverse employment

action," an element of the former claim. See Jury Inst. at 7, 10-11.

Defendant's oral motion for judgment as a matter of law is denied.

II. Plaintiff's Motion for Attorney Fees

Plaintiff moves for an award of attorney fees in the amount of $51,859.50. Attorney fee requests under Section 794a(b) are subject to the same considerations applicable to requests under 42 U.S.C. § 1988. Hall v. Bolger, 768 F.2d 1146, 1151 (9th Cir. 1985). Absent special circumstances, the prevailing party should recover an attorney's fee. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). Finding no special circumstances, the court concludes that plaintiff is entitled to a fee award for prevailing on her RA claim.

The starting point for determining a reasonable fee award is the "lodestar" amount, the hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Greater Los Angeles Council on Deafness v. Community Television of Southern California, 813 F.2d 217, 221 (9th Cir. 1987). The fee request is based on 204 hours of work at the hourly rate of $250, and travel and lodging expenses totaling $859.50. Goode Decl., ¶¶ 2, 3.

The court uses the Oregon State Bar's Economic Survey as a benchmark in determining a reasonable hourly rate. Message From

the Court Regarding Attorney Fee Petitions, available at: <http://www.uscourts.ord.gov/attorney_fee_statement.pdf> (last viewed January 25, 2006). In an undated declaration filed October 17, 2005, plaintiff's attorney William Goode states that he has twenty-one years of trial experience. Mr. Goode has a 1984 bar number. For purposes of determining a reasonable hourly rate with reference to the economic survey, the court will presume that Goode was admitted on January 1, 1984. Mr. Goode has twenty-one years experience for work performed on and after January 1, 2005, twenty years experience for work performed on and after January 1, 2004 through December 31, 2004, and so forth. Goode claims hours expended on the litigation in 2002, 2003, 2004 and 2005.

According to the 2002 Economic Survey, the average hourly rate for plaintiffs attorneys (excluding personal injury attorneys) in Portland in 2001 was $186. The median rate was $200; the 25th percentile rate was $160, the 75th percentile rate was $215; and the 95th percentile rate was $263. In 2001, Portland attorneys in private practice admitted 16-20 years had an average hourly rate of $213. The median rate was $218; the 25th percentile rate was $175; the 75th percentile rate was $253; and the 95th percentile rate was $298. For Portland private practice attorneys admitted 21-30 years, the average rate was $227, the median rate was $225, the 25th percentile rate was

$180, the 75th percentile rate was $275, and the 95th percentile rate was $320. Generally, the court reads the survey data as indicative of lower than average pay for plaintiffs attorneys when compared to all private practice attorneys, and pay commensurate with experience.

Mr. Goode submitted a "partial list of represented civil rights and related cases brought in federal and state court." Goode Decl., ¶ 5, ex. A. The list provides little information regarding results of the cases, and does not by itself indicate above average experience considering Mr. Goode's date of admission. The foregoing comments should not be read to speak to the quality of representation provided by Mr. Goode in this or any other case. Defendants provide an August 9, 2005 opinion where this court awarded fees based on an hourly rate of $200 for Mr. Goode for work performed from January 2000 through November 2001. The court referred to the rate as "more than generous." Settlegoode v. Portland Public Schools, 2005 WL 1899376, *6 (D.Or.). Considering the data from the Economic Survey and Mr. Goode's declaration, the court concludes that $200 is a reasonable hourly rate for work performed by Mr. Goode on this case through December 31, 2004, and that $225 is a reasonable hourly rate for work performed by Mr. Goode on and after January 1, 2005.

Defendants ask the court to subtract the following blocks of

6 - ORDER

hours from plaintiff's claim of hours expended because the hours are either unreasonably expended or related to unsuccessful claims: hours expended monitoring plaintiff's personnel issues prior to commencement of the lawsuit; hours expended on unsuccessful claims against defendants Oregon Youth Authority and Clint McLellen (OYA defendants), which were dismissed pretrial; and hours expended on unsuccessful claims against ESD and McGovern and Stratton. Defendant calculates that at a minimum, 106 hours should be deducted from plaintiff's calculation of hours expended.

After reviewing plaintiff's documentation, the court cannot say that time expended prior to filing of the complaint was not reasonably expended. The amended complaint asserts five claims against five defendants. Plaintiff's claims against ESD, Stratton and McGovern are premised on a common nucleus of facts. Although the court dismissed OYA defendants prior to trial for lack of evidence, all claims in the amended complaint involved a common legal theory of retaliation. No claims name only dismissed defendants. Thus, plaintiff's unsuccessful claims are related to her single successful claim against one defendant. Similarly, the court cannot simply disallow time expended in defending OYA defendants' pretrial motions. Had OYA defendants not filed a Rule 12 motion asserting lack of standing and failure to exhaust, plaintiff still would have incurred attorney fees

7 - ORDER

later in the litigation, as ESD defendants advanced the same
unsuccessful arguments at the summary judgment stage and in
support of their motion for judgment as a matter of law. All
defendants joined in one summary judgment motion against the
related claims.

Notwithstanding the foregoing, the court is able to say that
time claimed in a few entries in exhibit B to the Goode
declaration was expended on a procedural matter related only to
plaintiff's unsuccessful state law claims. The court will
disallow the following time expended on notices under the Oregon
tort claims act.

```
06/05/02         .8
06/05/02         .3
06/05/02         .2
06/14/02         .1
06/20/02         .1
               1.5 hours
```

Based on the foregoing, the court concludes that counsel
reasonably expended 109.6 hours at $200 per hour through December
31, 2004, and 92.9 hours at $225 per hour. The lodestar amount
is $42,822.50.

Where plaintiff's success is limited, the court must
consider whether the lodestar amount is excessive. Hensley, 461
U.S. at 438. As noted, plaintiff alleged five claims in an
amended complaint naming five defendants (two entities and three
individuals). Plaintiff sought injunctive relief and other
equitable relief including reinstatement, compensatory damages up

8 - ORDER

to $550,000, punitive damages of $250,000 separately against the individual defendants, and attorney fees. Amend. Comp. at 2-8. Plaintiff went to trial on one claim against two individual defendants, and two claims against one entity defendant. The jury returned a special verdict entitling plaintiff to judgment on a single claim against the entity, including a finding of non-economic damages in the amount of $5,000. Plaintiff appears to have abandoned her requests for equitable relief by submitting her motion for attorney fees and cost bill without reference to these pending requests. Plaintiff has achieved only limited success.

The court cannot identify specific hours that should be disallowed, beyond what it has done in calculating the initial lodestar amount. The court will therefore exercise its discretion and simply reduce the lodestar to account for plaintiff's limited success. Id. at 436-37. The court holds that plaintiff's limited success entitles her to 50% of the total lodestar amount, or $21,411.25. Cf. Greater Los Angeles Council on Deafness, 813 F.2d at 222.

Plaintiff also seeks lodging expenses for three nights during trial ($215.50) and out of county mileage at 30 cents per mile ($644.00). Counsel states that he charged plaintiff for lodging, time claimed in exhibit B does not include travel time, mileage is included in the fee agreement, and counsel does not

typically claim car travel time as attorney time. These reasonable out-of-pocket expenses are allowed as part of the fee award in the total amount of $859.50. The total fee award is $22,270.75.

III. Cost Bill

The cost bill lists costs totaling $3,086.40. Defendants object to an award of costs for deposition transcripts on the ground that plaintiff has not demonstrated that depositions in question were used at trial. Taxable costs include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiff's counsel declares that all itemized costs were necessarily incurred. Cost Bill [#107]. Plaintiff submitted documentation indicating that the court reporter fees sought were incurred in obtaining deposition transcripts for five witnesses, all of whom testified at trial. The court holds that the deposition transcripts were necessarily obtained for use in the case. The cost bill is allowed in the amount of $3,086.40.

Conclusion

Based on the foregoing, defendant's oral motion for judgment as a matter of law is denied; plaintiff's motion for attorney fees [#104] is granted to the extent provide herein. The cost

///

///

10 - ORDER

bill [#107] is allowed. The court will enter judgment based on the jury's verdicts. The judgment will include attorneys fees and costs for plaintiff as provided herein.

IT IS SO ORDERED.

DATED this 3rd day of February, 2006.

*Michael Hogan*
United States District Judge